**Larry G. EASTER, Appellant,**

v.

**SOUTHWEST PRODUCTION CORPORATION, a Nevada Corporation, Appellee.**

**No. 6203.**

Court of Civil Appeals of Texas, El Paso.

Nov. 17, 1971.

------♦------

Tom Parker, Midland, for appellant.

Rhodes & Seamster, A. L. (Dusty) Rhodes, Abilene, for appellee.

## OPINION

PRESLAR, Justice.

This is a suit to collect the balance of the purchase price of a gas plant and to foreclose a chattel mortgage thereon under an instrument denominated a "bill of sale, promise to pay, agreement, and chattel mortgage". The suit was brought by Appellee as assignee of the instrument from one L. A. Tedford against the Appellant, Easter, and one George O. Tanner. Tanner failed to file an answer and defaulted. Trial was to the Court without a jury and judgment was entered against Easter and Tanner jointly and individually for recovery of the sum of $14,586.40 plus the sum of $3,300.00 attorney's fees and foreclosure of the chattel mortgage lien. Only Easter appeals.

The parties will be referred to as they appeared in the trial Court. Defendant Easter became obligated on the instrument here sued on to Tedford on January 26, 1966. On November 26, 1969, Plaintiff purchased the instrument from Tedford, and on April 7, 1970, instituted this suit alleging that Easter was in default. Easter defended on the allegation that a prior release between himself and Plaintiff released him from payment of the obligation set out in the instrument. His sole point of error in this Court is that the evidence is sufficient to sustain that defense, contrary to the Court's finding. In its findings of fact, the trial Court found that the weight of the evidence shows that the Plaintiff has never given the Defendants herein a release covering the obligation to pay the sums of money required to be paid by Defendants to Plaintiff. We are of the opinion that the trial Court was correct.

The release arose out of prior litigation between the parties and others in which a consent decree was entered on May 27, 1969, which decree provided, among other things, that the parties "will cause to be executed mutual releases releasing all obligations to each other in full, down to and including the date of such release". The release was entered into under date of July 9, 1969. On that date, Tedford, not Plaintiff, was the owner of the instrument upon which this suit is based, and Tedford was not a party to the prior suit. Plaintiff did not acquire the instrument until November following the release of Defendant in July. Thus, it could not have been included in the obligations released "down to and including the date of such release", as called for in the decree. The release itself had similar language in that it covered "any matter whatsoever that has occurred down to and including the date hereof".

The point of error is overruled, and the judgment of the trial Court is affirmed.